BOLIN, Judge.
As plaintiff’s son was driving his father’s Chevrolet automobile east on a main highway at night it was struck from the rear by a Ford sedan being driven by a minor, William Ray Glover, Jr., and insured by Dixie Auto Insurance Company. Plaintiff sued defendant driver, his father and Dixie for property damage and depreciation loss to plaintiff’s car. All defendants denied liability and defendant Glover reconvened for alleged damages to the Ford and for personal injuries to his minor son. Alternatively, defendants pled the contributory negligence of plaintiff’s son as a bar to plaintiff’s recovery. For reasons made a part of the record, the district judge rendered judgment in favor of plaintiff and against defendants for $1370.46, the stipulated damage to plaintiff’s automobile, and rejected the reconventional demand. From this judgment all defendants appeal. We affirm the lower court’s ruling.
The only question on appeal is one of fact. Since the litigants are aware of the facts and the issues and, further, since we think there is nothing in the nature of the case that will be of benefit to future litigants, we shall state only the facts as we find them which we deem necessary for a determination of this issue.
Young Montgomery entered a main highway from a side road, turned left, and had proceeded approximately 150 feet when his automobile was struck from the rear by the Glover car which was traveling between 50 and 60 miles per hour. Montgomery stopped before entering the main highway, saw the approaching car but, thinking he had time to make the turn, proceeded to do so. Defendant driver said he saw the car stopped at the intersection, but it pulled out in front of him and his car struck it as it pulled into the main road. Thus the question is: was the accident caused by the negligence of Montgomery in driving his car from an inferior road onto a main highway without having first ascertained the maneuver could reasonably be expected to be made safely; or was the wreck caused by the negligence of Glover in failing to keep a proper lookout and causing his car to collide with the rear of the Montgomery vehicle after the latter had entered the main highway and traveled approximately 150 feet in its proper lane?
The trial judge said Glover and his guest passengers who testified were unworthy of belief; that Montgomery’s vehicle had entered the main highway “and straightened out [and] traveled 125-150 feet at least after he got into the highway” before *175 being struck by the Glover vehicle; that the wreck was caused solely by the inattention of defendant driver. The evidence supports this finding.
The judgment is affirmed at appellants’ cost.